# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS NICHOLAS RAMIREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL HESTRIN, et al.,<br><br>　　　　　Defendants. | CASE NO. 5:25-cv-01740-WLH (SK)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

　　　　Plaintiff Elias Ramirez is a pretrial detainee facing felony assault charges in an ongoing state criminal case filed in Riverside County Superior Court. (See Riverside County Super. Ct. Case No. INF2301428).[1] In his pro se complaint, Plaintiff alleges—as the only discernible federal-law claim—that he received no judicial determination of probable cause within 48 hours of his warrantless arrest as required by County of Riverside v. McLaughlin, 500 U.S. 44, 57 (1991). (ECF 1 at 5).[2] He names as defendants every known district attorney evidently involved in his active criminal prosecution and a superior court judge who Plaintiff claims vaguely acted as a "court

---

[1] The Court may take judicial notice of public records in state court dockets. See Trigueros v. Adams, 658 F.3d 983, 987 (9th Cir. 2011).

[2] Plaintiff asserts a variety of other things in his complaint that are inscrutable, including references to "King George," the federal "revenue laws," the "jurisdiction of the sea," and "being held for ransom." (ECF 1 at 6). These allegations, if they were even intended to state separate federal claims for relief, are patently frivolous with no arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). No "liberal interpretation" of even a pro se complaint can "supply essential elements of [a] claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

administrator" for his criminal case at some point. (ECF 1 at 6). For relief, Plaintiff seeks immediate and unconditional release from state pretrial custody as well as monetary damages in an unspecified amount. (Id. at 7).

Based solely on his showing of indigency, the Court previously granted Plaintiff's request to proceed in forma pauperis on his pro se complaint. (ECF 4). Still, the Court must sua sponte dismiss that complaint at any time if it (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; see 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines" that the action "is frivolous," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."). The Court must also dismiss a civil action on its own initiative anytime it determines that it lacks jurisdiction over the action. See Fed. R. Civ. P. 12(h)(3); Rainero v. Archon Corp., 844 F.3d 832, 841 (9th Cir. 2016). Applied here, these standards and rules dispose of Plaintiff's complaint.

First, all the named defendants are immune from Plaintiff's suit to the extent it seeks monetary damages from them in their personal capacities.[3] The named district attorneys of Riverside County enjoy prosecutorial immunity for their actions taken to prosecute Plaintiff. See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); Milstein v. Cooley, 257 F.3d 1004, 1008 (9th Cir. 2001); Roger v. Cnty. of Riverside, 44 Cal. App. 5th 510, 527

---

[3] To the extent that Plaintiff sues the named defendants in their official capacities, they enjoy Eleventh Amendment immunity because official-capacity suits against state prosecutors and judges are equivalent to barred suits against the state itself. See Mitchell v. Washington, 818 F.3d 436, 442 (9th Cir. 2016); Aholelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

(2020). And the named superior court judge enjoys judicial immunity for actions he performed as a judicial officer in Plaintiff's criminal case. See Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Even if the judge were not discharging judicial duties per se but acting as a "court administrator" (whatever that might mean according to Plaintiff), he still enjoys absolute quasi-judicial immunity when "perform[ing] tasks that are an integral part of the judicial process." Mullis v. United States Bankr. Court, 828 F.2d 1385, 1390 (9th Cir. 1987); accord In re Castillo, 297 F.3d 940, 952 (9th Cir. 2002).

Second, immunity aside, the Court must refrain from exercising jurisdiction over this action to avoid interfering with Plaintiff's ongoing state criminal case. Under Younger v. Harris, 401 U.S. 37 (1971), federal courts may not disrupt ongoing state court proceedings. Id. at 45. Indeed, "Younger exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding." Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72 (2013). Because ordering Plaintiff's release from pretrial custody amid his ongoing state criminal case would unquestionably disrupt that case, Younger forecloses such relief during the pendency of his prosecution and requires dismissal of this action in the meantime. See id.; Equity Lifestyle Props., Inc. v. Cnty. of San Luis Obispo, 548 F.3d 1184, 1196 (9th Cir. 2008). Even Plaintiff's demand for an unspecified amount of damages cannot be redressed in federal court—at the earliest (if ever)—until the conclusion of his state criminal case. See Gilbertson v. Albright, 381 F.3d 965, 968 (9th Cir. 2004) (en banc). Awarding monetary damages before then based on claims challenging the constitutionality of Plaintiff's active criminal prosecution would be no less disruptive to that state prosecution than ordering his release from state

3

pretrial custody.[4]  See Gilbertson, 381 F.3d at 980.

For all these reasons, Plaintiff's complaint is DISMISSED without leave to amend.  Amendment would be futile because the named defendants are absolutely immune from damages suit and because jurisdiction must be declined in any event while Plaintiff's state criminal prosecution is pending.  Judgment will therefore be entered accordingly dismissing this action without prejudice.[5]

IT IS SO ORDERED.

DATED: 9/22/2025

                                          HON. WESLEY L. HSU
                                          United States District Judge

---

[4] If plaintiff is convicted and sentenced, he may later sue for any provable constitutional violations in federal court under 42 U.S.C. § 1983—assuming, though, that such federal claims are not otherwise independently barred by Heck v. Humphrey, 512 U.S. 477 (1994).  Heck precludes § 1983 claims if success on those claims would necessarily imply the invalidity of his conviction or sentence.  Id. at 486-87.  So if Heck would apply to any of his putative claims, Plaintiff must first secure a reversal of his conviction or sentence based on the alleged constitutional violations before he can sue in federal court for damages under § 1983.  See id. at 487.

[5] If Plaintiff were suing for monetary damages only, the Court might ordinarily have to consider staying, rather than dismissing, this action.  See Gilbertson, 381 F.3d at 968.  But when, as here, the defendants are undeniably immune from monetary damages, Plaintiff's demand for such damages is "meritless on the pleadings," rendering a stay of this action futile.  Equity Lifestyle Props., 548 F.3d at 1196 n. 23.